**Jian Ming WENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 04–1544–AG.

United States Court of Appeals, Second Circuit.

March 13, 2006.

Khagendra Gharti–Chhetry, Chhetry & Associates, P.C., New York, New York., for Petitioner.

Jane Rund, Assistant United States Attorney (James G. Martin, United States Attorney for the Eastern District of Missouri, Jason Reinsch, Washington University Student Law Intern, on the brief), St. Louis, Missouri, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Jian Ming Weng petitions for review of a March 2, 2004, order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume familiarity with the facts and procedural history of this case.

Because the BIA adopted and affirmed the IJ's decision, we review the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005). We review the BIA's legal conclusions de novo. *Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 66 (2d Cir.2002).

The BIA's ruling that petitioner's application for asylum was untimely is correct and not disputed by petitioner. Accordingly, we lack jurisdiction to review the BIA's determination of untimeliness. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 154–55 (2d Cir.2006).

An applicant for withholding of removal must demonstrate a clear probability that his life or freedom would be threatened on account of a protected ground. 8 U.S.C. § 1231(b)(3)(A). To qualify for relief under CAT, an applicant must demonstrate it is more likely than not he will be tortured if returned to the proposed country of removal. *Xiao Ji Chen,* 434 F.3d at 156.

The IJ's determination that petitioner's testimony was not credible is supported by substantial evidence. The IJ identified two inconsistencies between petitioner's application and his oral testimony that went to the heart of petitioner's claim. First, the IJ noted that petitioner's application included no discussion of the fine allegedly levied on him by the police, the violent confrontation that occurred at his bookstore, or the police's confiscation of his store's merchandise. Second, petitioner's testimony concerning the reason he purchased the Falun Gong-related books was inconsistent with his application. While petitioner attempted to explain the discrepancy, we believe that the IJ's finding that the two accounts were inconsistent was supported by substantial evidence and supported the IJ's adverse credibility determination.

Petitioner contends that the BIA's affirmance was in error because the IJ did not consider petitioner's other documentary evidence establishing his likelihood of persecution upon return. While petitioner did submit evidence concerning Falun Gong's persecution in China, none of the evidence supported the claim that petitioner himself would be subjected to persecution or torture upon return. Moreover, petitioner based his claim of having allegedly sold Falun Gong books in 1999, not his membership in Falun Gong.

Based on the complete record, we find no basis to disturb the denial of asylum, withholding of removal, and relief under the CAT by the IJ and as affirmed by the BIA.

We have considered petitioner's remaining contentions and find them without merit.

For the reasons set forth above, the petition for review is DENIED.